IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BYRON GRADY,<br><br>Defendant. | Case No. 1:21-cr-00238<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by Jennifer Klemetsrud Puhl, United States

Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United

States Attorney, hereby submits the following sentencing memorandum.  The defendant's

combined change of plea and sentencing hearing, for a single count of Voluntary

Manslaughter within Indian Country, in violation of 18 U.S.C. §§ 1112, 1153, and 2, is

currently scheduled for 2:30 p.m. on October 17, 2022.

### Sentencing Recommendation

At the time of the defendant's sentencing hearing, the United States requests that

this Court order the defendant to:

1. Serve 120 months' imprisonment;

2. Serve a three-year period of supervised release;

3. Pay the $100 special assessment; and

4. Move to dismiss the Indictment.

### Presentence Investigation Report and Upward Variance Request

The Presentence Investigation Report (PSR) establishes a Total Offense Level of

26 and places the defendant in Criminal History Category III, which results in a

sentencing guideline range of 78-97 months' imprisonment. The United States does not

object to either the information or sentencing guideline provisions contained within the

PSR. However, the United States requests that this Court impose a 23-month upward

variance from the high-end of the sentencing guideline range and sentence the defendant

to 120 months' imprisonment.

### Factual Background

On October 9, 2021, Kenneth Grady (the defendant), Edward Finley, Jr. (the

codefendant), and Valentino White (the victim) were together at the codefendant's trailer

in New Town, North Dakota. After consuming alcohol, multiple altercations occurred

between these, and other, individuals at the residence, including—at one point—where

the victim brandished a knife. Subsequent to these altercations, all individuals calmed

down and the victim sat at a kitchen table. Thereafter, a witness saw the codefendant

strike the victim in the face, which knocked the victim off his chair. In response, the

victim jumped up and tried to fight back against the codefendant. However, the

defendant intervened and both he and the codefendant assaulted the victim by striking the

victim on the head and body with their hands and feet. The defendant and codefendant

assaulted the victim for a prolonged period—even after the victim was lying defenseless

on the floor. As a result of these combined assaults, the victim sustained multiple head

injuries, had difficulty breathing, and was transported to Trinity Hospital, in Minot, North

Dakota, where he was placed on life support. A short time later, medical personnel

determined that the victim had experienced brain death and they removed the victim from

life support.  Thereafter, the victim died, and the State Medical Examiner documented

that the victim's cause of death was "blunt force injuries of head" and that the manner of

death was "homicide."

## Law and Argument

Pursuant to the following 18 U.S.C. § 3553(a) factors, the United States is

requesting a 23-month upward variance from the high end of the sentencing guidelines

range to a sentence of 120 months' imprisonment:

- Nature and Circumstances of the Offense:  The North Dakota Medical Examiner

  determined that Mr. White's cause of death was "blunt force injuries of head" and

  that his manner of death as "Homicide."  The defendant and his codefendant,

  Edward Finley, Jr., caused the death of Valentino White by assaulting him for an

  extended period of time by punching and kicking him in the head.  Moreover, the

  defendant continued to assault Mr. White even after Mr. White was no longer able

  to defend himself.

- To Reflect the Seriousness of the Offense:  The defendant's actions resulted in the

  death of an individual.  Moreover, although the defendant acted upon heat of

  passion and sudden quarrel, the defendant continued to assault Mr. White even

  after the end of any such quarrel.

- To Protect the Public from Crimes of the Defendant and to Afford Adequate

  Deterrence:  The defendant has a lengthy criminal history, which includes violent

  physical assaults.  Therefore, to protect society from additional crimes of the

defendant and to deter the defendant from engaging in similar future behavior, it is

appropriate to impose an upward variance.

## Conclusion

Based upon the 18 U.S.C. § 3553(a) factors, the United States requests that this Court

impose an upward variance and sentence the defendant to 120 months' imprisonment.

Dated:  October 6, 2022.

JENNIFER KLEMETSRUD PUHL
United States Attorney

By:   */s/ Jonathan J. O'Konek*
JONATHAN J. O'KONEK
Assistant United States Attorney
ND Bar ID 06821
P.O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
jonathan.okonek@usdoj.gov
Attorney for United States